IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MANNIE AND CATHERINE JACKSON DESCENDANT TRUST, et al., | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 15-659-RGA |
| NANCY R. RIZZO, et al., | : : | |
| Defendants. | : | |

**MEMORANDUM**

Plaintiffs filed a three count complaint alleging federal securities fraud, Arizona securities fraud, and common law fraud (presumably also an Arizona law claim).

Plaintiffs are an Arizona trust with a Nevada trustee, and an individual resident in Arizona. Defendants are a Delaware corporation and an Arizona resident who is Chairman of the Board of the Delaware corporation.

The Delaware corporation has thirteen employees, all in Arizona. (D.I. 11, at 2, ¶ 3). The Delaware corporation might be described as a "start-up." Plaintiffs allege the Delaware corporation has had no revenue in 2015.

While Plaintiffs' complaint appears to rely upon documentary representations, Defendants submit that there were relevant in person meetings, which took place in Arizona. (D.I. 11, at 3, ¶¶ 9, 10).

Defendants have filed a motion to transfer the case to the District of Arizona. (D.I. 9). Plaintiffs oppose, and the matter has been fully briefed.

While the motion has been pending, Plaintiffs filed a second lawsuit in Delaware, this one in the Court of Chancery. (D.I. 20, Exh. A). Since it involves the exact same parties as the instant lawsuit, it seems likely that it could have been added pursuant to supplemental jurisdiction either in the original filing, or by later amendment. Even if that observation is incorrect (and the parties have not briefed it), it seems that one of the filing's purposes was to add to the argument that the instant case should not be transferred to Arizona. Defendants, not to be outdone, filed a lawsuit in Arizona Superior Court (*see* D.I. 15-659, p. 4, ¶ 7), although they (wisely) do not rely upon it in support of their transfer arguments.

The statutory authority for transferring the case is § 1404(a) of Title 28, which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden of establishing the need for transfer is the movants', *see Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The Third Circuit has set forth the framework for analysis:

> "[I]n ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed."
>
> In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." While there is no definitive formula or list of the factors to consider, courts have considered many variants of the private and public interests protected by the language of § 1404(a).
>
> The private interests have included: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in

the alternative forum).

The public interests have included: (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted and numbering added).

There is no dispute that this case could have been brought against the defendants in the District of Arizona (*see* D.I. 20, p. 5, n.2), as among other things, the corporation's principal place of business is in Arizona, and the individual defendant is a citizen of Arizona.

In considering the *Jumara* factors, nothing favors retaining the case in Delaware other than the first factor. Plaintiffs chose Delaware. While this is an important consideration, it must give way in consideration of the other relevant factors. Defendants prefer Arizona, which is where just about everybody involved in the case lives and works. The second factor favors transfer. The claims arose in Arizona. Defendant corporation is a Delaware corporation, but that does not mean that the federal securities fraud claim arose in Delaware. It certainly did not. The third factor favors transfer. In terms of the convenience of the parties as indicated by their relative physical and financial condition, Defendant corporation has no income, and only continues to exist based on some unknown mix of financing. Plaintiffs invested substantial sums of money in Defendant corporation, from which I would infer that they have very substantial assets. Based on this record, are better able to afford litigation in whichever venue litigation takes place. Since Plaintiffs are located in or near Arizona, they too will save money by having the litigation in Arizona. The fourth factor favors transfer. Third party witnesses who have essential information have not been identified, and thus it is hard to say at this point that there are

any witnesses who would not appear in Delaware if such appearance was necessary. Nevertheless, if there are any third-party witnesses, Delaware will likely be more inconvenient than Arizona. In all likelihood, all "books and records" will be located in Arizona, and will be able to be produced in Delaware. Thus, the fifth and sixth factors are close to neutral.

The parties agree that the seventh and ninth factors are neutral. I accept that agreement. Practical considerations that would make the trial easy or inexpensive favor Arizona as a venue. There is a big difference in terms of time away from work and family and increased expense, in going to trial in Delaware, a state with which the witnesses lack familiarity, on the other side of the country. Thus, the eighth factor favors transfer. I think it is fair to consider that this dispute has some element of a "local controversy," given that it concerns a dispute between Arizonan individuals about the management and actions of an Arizonan-based business. Thus, the ninth factor favors transfer. I think the tenth factor is neutral. Delaware has an interest in the management of Delaware corporations, but here the claim is fraud. Arizona's interest is in protecting its citizens against fraud. On the last disputed factor,[1] which Plaintiffs seem to misunderstand (*see* D.I. 20, p. 17), I have no familiarity with Arizona law, whereas Arizona federal judges would have such familiarity. The fact that I am capable (at least with the help of counsel) of figuring out Arizona law does not mean that the last factor is neutral. The last factor favors transfer.

The fact that Plaintiffs filed state court litigation in Delaware after filing this case is irrelevant to the transfer decision. So too, Plaintiffs' choice to hire members of the Delaware bar as lead counsel is irrelevant to the transfer decision. Plaintiffs cannot make Delaware a

---

[1] This case is not a diversity case, but state law will be applicable given the state law claims.

convenient forum simply by choosing to litigate in Delaware.

Thus, in my opinion, this is a case which should clearly be transferred to the District of Arizona. I will enter a separate order to that effect.

10-27-15
Date

*Richard G. Andrews*
United States District Judge